IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PETER JOHN ARENDAS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON COMPETENCY<br><br><br><br>Case No. 2:10-CR-123 |

This matter is before the Court for a determination of Defendant Peter John Arendas's competency. Defendant is charged with two counts of threatening "to assault, kidnap, and murder a United States Postal Service Clerk whose killing would be a crime under 18 U.S.C. § 1114, with intent to impede, intimidate, and interfere with such official while engaged in the performance of official duties and with intent to retaliate against such official and law enforcement officer on account of the performance of official duties, all in violation of Title 18, United States Code, Section 115."[1]

---

[1] Docket No. 1, at 1-3.

1

## I. BACKGROUND

Previously, the government moved for a competency evaluation and on November 10, 2010, the Court ordered a pretrial psychological evaluation.[2] Defendant arrived at the Metropolitan Detention Center in Los Angeles on December 16, 2010. Defendant's evaluation was performed by Dr. Lisa Hope, a forensic psychologist with the Federal Bureau of Prisons.[3] Dr. Hope has conducted approximately 500 court ordered competency evaluations.[4] According to Dr. Hope, she spent approximately 35-40 hours personally evaluating Defendant and also, in reaching her opinion, relied upon additional hours of observations of Defendant by staff members.[5]

On March 8, 2011, Dr. Hope issued an evaluation finding Defendant suffers from Bi-Polar Disorder and has manic episodes caused by this disorder.[6] During his time at the Metropolitan Detention Center, Defendant was hospitalized twice—once for nine days and once for ten days.[7] The hospitalizations were due to manic episodes of Bi-Polar disorder, and Defendant was forcibly medicated while hospitalized.[8]

---

[2] Docket No. 16.

[3] Docket No. 38 Ex. A, at 1.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.* at 16.

[7] Docket No. 23, at 12.

[8] *Id.* at 16.

The evaluation concluded:

> Mr. Arendas has the cognitive ability to understand the nature and consequences of the court proceedings against him, but his current symptoms of a mental illness are so prominent that they have significantly interfered with his ability to properly assist counsel in his defense. Throughout the evaluation, he was disruptive and did not consistently respond to directions, his speech contained flights of ideas that could not consistently be interrupted. He lacks any insight that he suffers from a mental illness, and is likely to want to engage in counterproductive legal strategies against the advice of his attorney. Furthermore, it is suggested that his presence in the courtroom would be counter productive given his current presentation.
> Hence, it is recommended that Mr. Arendas be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. Section 4241(d). The commitment period would allow for mental health treatment to assist Mr. Arendas in gaining improvement in his condition, and regaining his ability to fully participate in the court process, and determine whether or not he could be restored to competency in the foreseeable future. Based on his continued resistance to psychiatric evaluation and treatment at this facility, Mr. Arendas is likely to require involuntary treatment and the medical centers have due process procedures established to address this issue.

On March 29, 2011, the Court held a hearing to determine Defendant's competency to stand trial. During the hearing the Defendant testified that Dr. Hope "only interviewed Defendant for a total of two hours, a substantial portion of which was spent on Defendant's answering the question of where he has lived."[9] Based upon the entire record and the Court's observations, the Court found by a preponderance of the evidence that Defendant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and that he had a rational as well as factual understanding of the proceedings against him. Consequently, the Court found that Defendant was competent to stand trial at that time and scheduled a two-day trial to begin June 27, 2011.

---

[9]Docket No. 31, at 6.

Subsequently, the Court received an affidavit from Dr. Hope indicating that she spent 35-40 hours personally evaluating the Defendant. Additionally, since the previous competency hearing, the Court received correspondence from the Defendant that caused the Court to reconsider its previous finding. As a result, the Court held a second hearing to further determine Defendant's competency. During that hearing the Court observed Defendant's behavior and demeanor and inquired as to the discrepancy between Defendant's testimony and Dr. Hope's affidavit as to the amount of time spent conducting Defendant's first competency evaluation. As a result of the hearing, the Court found that a second competency evaluation was necessary in an Order dated August 9, 2011.

Defendant was subsequently evaluated at the Federal Detention Center in Englewood, California by Jeremiah Dwyer, Ph.D. Dr. Dwyer prepared a report, dated December 9, 2011. According to Dr. Dwyer's report, Defendant has the following Axis I diagnoses: rule-out Bipolar I Disorder, most recent episode manic; cognitive disorder, not otherwise specified; alcohol abuse; and cocaine abuse. Dr. Dwyer explains that a "rule-out" for a diagnosis "indicates that sufficient information exists to warrant consideration of a diagnosis, but not enough information to either conclusively assign[] the diagnosis, or to sufficiently distinguish it from another diagnosis that may account for an individual's presentation."[10] These rule-out designations were used because, Dr. Dwyer states, Defendant's "diagnostic picture is complex."[11] Defendant also has an Axis II diagnosis—antisocial personality disorder. Dr. Dwyer adjudged Mr. Arendas incompetent to

---

[10] Dwyer Forensic Evaluation, at 12.

[11] *Id.* at 11.

4

stand trial, and recommended that he be committed to a federal medical center for treatment for restoration to competency.

On February 13, 2012, the Court held an additional competency hearing, where the Defendant was once more given an opportunity to present his arguments on competency to the Court, and the Court again considered Defendant's comportment and demeanor.

## II.  DISCUSSION

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)." Under 4247(d), the Court must hold a hearing and Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine any witnesses who appear at the hearing.[12] The Court shall determine if Defendant is competent by a preponderance of evidence.[13]

"[T]he test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"[14] "When assessing a defendant's competence, 'the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[15]

---

[12] 18 U.S.C. § 4247(d).

[13] *Id*. § 4241(d).

[14] *United States v. Mackovich*, 209 F.3d 1227, 1231-32 (10th Cir. 2000) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

[15] *Id*. at 1232 (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).

Having considered Dr. Dwyer's report, as well as the arguments of the parties presented at the hearings and all other evidence, the Court concludes that Mr. Arendas is not competent to stand trial at this time. Accordingly, the Court commits Defendant to the custody of the Attorney General under 18 U.S.C. § 4241(d). The Attorney General is directed to "hospitalize the defendant for treatment in a suitable facility for . . . a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."

It is therefore

ORDERED that Defendant is not competent to stand trial. It is further

ORDERED that Defendant be committed to the custody of the Attorney General for treatment and a determination whether the trial may proceed. It is further

ORDERED that Speedy Trial time is excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(a).

DATED   March 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judges